Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
JULIAN ELLIOTT,

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN ELLIOTT<br>Plaintiff,<br><br>v.<br><br>HARNESS INC d/b/a ENGINEERINGX<br>and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 3:26-cv-7750<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Julian Elliott alleges as follows:

## JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d)

and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

### PARTIES

5.  Plaintiff Julian Elliott ("Elliott or "Plaintiff") is an individual and professional photographer.

6.  Upon information and belief, Harness Inc d/b/a EngineeringX ("Harness" or "Defendant") is a Delaware corporation with a principal place of business at 55 Stockton St., 8th Floor, San Francisco, CA 94108

7.  The true names and capacities of Defendants Does 1 through 10, inclusive are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

8.  For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

### FACTUAL ALLEGATIONS
#### *Plaintiff Julian Elliott*

9.  Plaintiff Julian Elliott is an award winning professional freelance landscape and travel photographer.

**COMPLAINT**

10. Elliott's stock photography and footage work can be found in image libraries such as Getty, Robert Harding, and Alamy. Elliott also has his own stock image library.

11. Elliott's photography and stock footage has been sold across the world in nearly 40 countries through agencies such as Getty Images. His photographs have been used as magazine spreads for commercial sales, by corporate websites, and have been part of several TV broadcasts.

12. Elliott has also been commissioned by some of the UK's leading photography magazines such as Digital SLR User Magazine, Digital Camera Magazine, and Photo Plus.

13. The copyright protection afforded Elliott's work is intended to deter would-be infringers from the unauthorized copying and profiting from Plaintiff Elliott's work.

14. Plaintiff Elliott is the sole author and exclusive rights-holder to an original photograph of the London Skyline, featuring Big Ben and the London Eye ("London Photograph").

15. Attached as Exhibit A is a true and correct copy of the London Photograph.

16. Plaintiff Elliott registered the London Photograph with the United States Copyright Office under Registration Number VA 2-148-549 with an Effective Date of Registration of April 26, 2019.

17. Attached hereto as Exhibit B is a true and correct copy Registration No. VA 2-148-549.

### Defendant Harness Inc d/b/a EngineeringX is a commercial business

18. Upon information and belief, Defendant is and was, at all relevant times, the owner and operator of a commercial website https://www.harness.io/ ("Defendant's Main Website").

19. According to Defendant's Main Website, Defendant Harness is an AI

Native Software company, whose "mission" is to "Enable the world's 37 million software developers to deliver code quickly, reliably, efficiently, and securely.". *See* https://www.harness.io/company/about-us.

20. According to Defendant's Main Website, Defendant "provides customers with a robust, scalable, and intelligent platform that supports the development, deployment, and operation of their applications." and "Hundreds of DevOps and engineering teams are powered by Harness to become elite performers in velocity, quality, efficiency, and governance.". *See* https://www.harness.io/customers.

21. Upon information and belief, Defendant is and was, at all relevant times, the owner and operator of a commercial website https://engineeringx.org/ ("Defendant's Companion Website").

22. According to Defendant's Companion Website, Harness is "a community of engineering leaders dedicated to advancing technology, fostering leadership, and building valuable connections" with a goal of "shaping developer experience and increasing engineering productivity". *See* https://engineeringx.org/.

23. On information and belief, the purpose of Defendant's Companion Website is to create a networking platforms for developers in order to further Defendant's state mission, as set forth in Defendant's Main Website "mission" statement.

24. On information and belief, Defendant's Companion Website generates content in order to promote Defendant's services, attract clients, and increase user traffic to Defendant's Main Website in order to generate profit and revenue for the company and its owner(s).

25. Specifically, Defendant's Companion Website advertises and hosts networking events for web engineers across the world. Additionally, Defendant's Companion Website contains a blog section with various articles meant to help push traffic to both Defendant's Main Website and Defendant's Companion Website.

**COMPLAINT**

26. At all relevant times, Defendant's Main Website and Defendant's Companion Website were readily accessible to the general public throughout California, the United States, and the world.

27. At all relevant times, Defendant had a direct financial interest in the content and activities of Defendant's Companion Website (including the activities alleged in this Complaint).

28. At all relevant times, Defendant had the ability to supervise and control all content on Defendant's Companion Website.

### *Defendant's Infringing Conduct*

29. On or about May 20, 2025, Elliott discovered his original London Photograph copied to and displayed on Defendant's Companion Website in a post promoting and advertising an exclusive "invite only", event in London, hosted by Harness' Field CTO, Martin Reynolds ("Infringing Post").

30. Attached hereto as Exhibit C is a true and correct screenshot of the London Photograph published to and displayed on Defendant's Companion Website in the Infringing Post.

31. In no event did Elliott consent to, authorize, or provide Defendant with a license to make a copy or publicly display the London Photograph on Defendant's Companion Website with the Infringing Post or in any other manner.

32. Shortly after discovering the Infringing Post, Plaintiff, through counsel, reached out to Defendant to try to resolve this matter without Court involvement, but the Parties were unable to reach a resolution.

33. Elliott is informed and believes Defendant (including their employees, agents, contractors, or others over whom they have responsibility and control) created an unauthorized copy of the London Photograph and caused it to be uploaded to and displayed on Defendant's Companion Website.

34. Elliott is informed and believes that the purpose of the use of the London Photograph on Defendant's Companion Website was to promote and

**COMPLAINT**

advertise a networking event being hosted by Defendant, thereby increasing Defendant's client base and revenue.

35.  Specifically, Defendant used the London Photograph in the Infringing Post to directly promote an event being hosted by Defendant, which is promotional in nature, as the event was for networking within the AI technology industry in which Defendant operates.

36.  Elliott does not have records of the London Photograph being licensed to Defendant nor had Elliott granted permission for Defendant to make a copy or publicly display the London Photograph on Defendant's Companion Website in the Infringing Post.

37.  Elliott is informed and believes Defendant (including their employees, agents, contractors, or others over whom they have responsibility and control) used, displayed, published, posted, and otherwise held out to the public Sommet's original and unique London Photograph in order to acquire a direct financial benefit, through revenue from new clients achieved through networking, from the use of the London Photograph.

38.  On information and belief, Defendant's use of the London Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the London Photograph.

39.  Specifically, Defendant knew or should have known that the London Photograph belonged to Plaintiff because Defendant did not purchase a license to use the London Photograph but copied and displayed the London Photograph on Defendant's Companion Website.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq.*

40.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original London

Photograph.

41.    Elliott owns a valid copyright in the London Photograph.

42.    Elliott registered the London Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

43.    Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's rights in the copyrighted London Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique London Photograph of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

44.    Specifically, Defendants made an unauthorized copy and then publicly displayed the London Photograph with the Infringing Post on Defendant's Companion Website.

45.    As a result of Defendants' violations of Title 17 of the U.S. Code, Trunk Archive has sustained significant injury and irreparable harm.

46.    As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

47.    As a result of the Defendants' violations of Title 17 of the U.S. Code, the court, in its discretion, may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

48.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Elliott's copyright interest in the London Photograph by copying, displaying, and distributing it without a license or

consent;

- For an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For costs of litigation and reasonable attorney's fees against each Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing each Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For pre-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: July 27, 2026                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff, Julian Elliott hereby demands a trial by jury in the above matter.

Dated: July 27, 2026

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**COMPLAINT**